UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60284-CR-COHN(s)

UNITED STATES OF AMERICA,

v.

EVERSON FLOWERS,
a/k/a "Boomer",

Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and **EVERSON FLOWERS** (hereinafter referred to as the Adefendant@) enter into the following agreement:

1. The defendant agrees to plead guilty to Counts 5 and 6 of the Indictment which charges that he did knowingly, in and affecting interstate commerce, recruit, entice, harbor, transport, provide, obtain and maintain by any means a person, that is, T.C. and M.J., knowing, and in reckless disregard of the fact, that T.C. and M.J., had not attained the age of 18 years and would be caused to engage in a commercial sex act; in violation of Title 18, United States Code, Sections 1591(a)(1) and (b)(2).

2. The defendant is aware that the sentence will be imposed by the court after consideration of the Federal Sentencing Guidelines and Policy Statements (hereinafter ASentencing Guidelines@). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court=s probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart

from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines= advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw his plea solely as a result of the sentence imposed.

3. The defendant understands and acknowledges that the Court shall impose a mandatory minimum term of imprisonment of ten (10) years and may impose a statutory maximum term of imprisonment of life; a minimum term of five (5) years supervised release up to life; a fine of up to two hundred fifty thousand dollars ($250,000.00); and order of restitution.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5. This Office reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the

defendant=s background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. This Office agrees that it will recommend dismissal of Count 1 of the Indictment [Superseding Indictment] after sentencing on Count [6] and [7]. Furthermore, this Office agrees that it will recommend that the Court reduce by two levels the sentencing guideline level applicable to the defendant=s offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant=s recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant=s offense level is determined to be 16 or greater, the government will file a motion requesting an additional one-level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. This Office further agrees to recommend a that the Court impose a fifteen (15) year term of imprisonment followed by a twenty (20) year term of supervised release. The United States, however, will not be required to make this motion or this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to, committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

3

7. The defendant agrees that he shall cooperate fully with this Office and the Office of the State Attorney for 17th Judicial Circuit in and for Broward County Florida by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office or the Office of the State Attorney for 17th Judicial Circuit in and for Broward County Florida, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trial, and other judicial proceedings, and at meetings, as may be required by this Office; and ( c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents.   In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he will not commit any further crimes.

8. This Office reserves the right to evaluate the nature and extent of the defendant=s cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing.  If in the sole and unreviewable judgment of this Office the defendant=s cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court=s downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant=s sentence be reduced.  The defendant understands and agrees, however, that nothing in this agreement requires this Office to

file any such motions, and that this Office=s assessment of the quality and significance of the defendant=s cooperation shall be binding as it relates to the appropriateness of this Office=s filing or non-filing of a motion to reduce sentence.

9.     The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by the government.  In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant=s sentence because of the defendant=s cooperation.

10.    The defendant is aware that the sentence has not yet been determined by the Court.  The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court.  The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety.  The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

11.    The defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. ' 3583(d).  The defendant also understands that independent of supervised release, he

5

will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout defendant's life. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. The defendant shall comply with requirements to periodically verify in person defendant's sex offender registration information. The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If the defendant resides in Florida following release from prison, defendant will be subject to the registration requirements of Florida State Statute 943.0435. Defendant further understands that, under 18 U.S.C. ' 4042(c), notice will be provided to certain law enforcement agencies upon defendant's release from confinement following conviction.

12.     As a condition of supervised release, the defendant shall initially register with the state sex offender registration in the state of Florida, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update defendant's registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

13.     The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to

appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government=s right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant=s sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant=s attorney. The defendant further agrees, together with the United States, to request that the Court enter a specific finding that the defendant=s waiver of the defendant=s right to appeal the sentence to be imposed in this case was knowing and voluntary.

14. The defendant recognizes that pleading guilty may have consequences with respect to the defendant=s immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant=s attorney or the Court, can predict to a certainty the effect of the defendant=s convictions on the defendant=s immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that the defendant=s plea may entail, even if the consequence is the defendant=s removal from the United States.

15. This is the entire agreement and understanding between this Office and the

defendant.   There are no other agreements, promises, representations, or understandings.

                                              WIFREDO A. FERRER
                                              UNITED STATES ATTORNEY

Date: __2/28/14__    By: _____
                                       FRANCIS VIAMONTES
                                       ASSISTANT UNITED STATES ATTORNEY

Date: __2/28/14__    By: _____
                                       JOSEPH GIBSON
                                       ATTORNEY FOR DEFENDANT

Date: __2/28/14__    By: _____
                                       EVERSON FLOWERS
                                       DEFENDANT