UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60284-CR-COHN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANDRE HOLSTON,

    Defendant.

_____/

## JURY INSTRUCTIONS

Members of the Jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case. After I have completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

## Duty to Follow Instructions and the Presumption of Innocence
## when a Defendant Does Not Testify

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The Superseding Indictment or formal charge against the Defendant is not evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

3

## Definition of "Reasonable Doubt"

The Government's burden of proof is heavy, but it does not have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you have carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

## Consideration of Direct and Circumstantial Evidence;
## Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There is no legal difference in the weight you may give to either direct or circumstantial evidence.

## Credibility of Witnesses

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?
- Did the witness have any particular reason not to tell the truth?
- Did the witness have a personal interest in the outcome of the case?
- Did the witness seem to have a good memory?
- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
- Did the witness appear to understand the questions clearly and answer them directly?
- Did the witness's testimony differ from other testimony or other evidence?

## Impeachment of Witnesses Because of
## Inconsistent Statements or Felony Conviction

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## Expert Witness

When scientific, technical, or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that does not mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

## Testimony of Accomplice or Codefendant with Plea Agreement

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made a plea agreement with a codefendant in exchange for his testimony. Such "plea bargaining," as it is called, provides for the possibility of a lesser sentence than the codefendant would normally face. Plea bargaining is lawful and proper, and the rules of this Court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense is not evidence of the guilt of any other person.

## Persons Not on Trial

In addition, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy or all codefendants be charged and prosecuted in one proceeding.

You may not draw any inference, favorable or unfavorable, towards the Government or the Defendant on trial from the fact that any person in addition to the Defendant is not on trial here. You also may not speculate as to the reasons why other persons are not on trial.

## Introduction to Offense Instructions

The Superseding Indictment charges two separate crimes, called "counts," against the Defendant. Each count has a number. You will be given a copy of the Superseding Indictment to refer to during your deliberations.

Count One charges that the Defendant knowingly and willfully conspired to engage in sex trafficking of a child.

Count Five charges that the Defendant committed what is called a "substantive offense," specifically sex trafficking of a child. I will explain the law governing this substantive offense in a moment

But first note that the Defendant is not charged in Count One with committing a substantive offense – he is charged with <u>conspiring</u> to commit that offense.

I will also give you specific instructions on conspiracy.

## Conspiracy to Engage in Sex Trafficking of a Child
## 18 U.S.C. § 1594(c)

Count One of the Superseding Indictment charges the Defendant with conspiring to engage in sex trafficking of a child. It is a federal crime to conspire to engage in sex trafficking of a child.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this conspiracy offense only if all the following facts are proved beyond a reasonable doubt:

<u>First:</u>   Two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan;

<u>Second:</u>   The Defendant knew the unlawful purpose of the plan and willfully joined in it; and

<u>Third:</u>   The object of the unlawful plan was to recruit, entice, harbor, transport, provide, obtain, or maintain by any means a person, <u>or</u> benefit financially or receive anything of value from participation in a venture which did recruit, entice, harbor, transport, provide, obtain, or maintain by any means a person, knowing or in reckless disregard of the fact that such person had not attained the age of 18 years and would be caused to engage in a commercial sex act.

A person may be a conspirator without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan and willfully joined in the plan on at least one occasion, that is sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests does not establish proof of a conspiracy. A person who does not know about a conspiracy but happens to act in a way that advances some purpose of one does not automatically become a conspirator.

"Commercial sex act" means any sex act on account of which anything of value is given to or received by any person.

Minors lack the capacity to consent to unlawful sexual conduct. Therefore, whether the alleged minors involved in this case agreed to engage in commercial sex acts has no bearing on whether the Defendant is guilty of the charges in the Superseding Indictment.

The Government is required to prove that the Defendant knew or acted in reckless disregard of the fact that a victim of the conspiracy had not attained the age of 18 years at the time of the charged offense. In this context, "reckless disregard" means deliberate indifference to facts which, if considered and weighed in a reasonable manner, indicate the highest probability that the victim <u>had not</u> attained the age of 18 years at the time of the alleged offense. Put another way, the Defendant acted with reckless disregard of the minority of the victim if he was aware of, but consciously and carelessly ignored, facts and circumstances clearly indicating that the victim had not attained the age of 18 years at the time of the offense.

**Sex Trafficking of a Child**
**18 U.S.C. § 1591(a)**

Count Five of the Superseding Indictment charges the Defendant with the sex trafficking of a child identified as T.C. It is a federal crime for anyone, in or affecting interstate or foreign commerce, to recruit, entice, harbor, transport, provide, obtain, or maintain by any means a person, or benefit financially or receive anything of value from participation in a venture which did recruit, entice, harbor, transport, provide, obtain, or maintain by any means a person, knowing or in reckless disregard of the fact that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

<u>First:</u>  The Defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained by any means T.C., <u>or</u> benefitted financially or received anything of value from participation in a venture which did recruit, entice, harbor, transport, provide, obtain, or maintain by any means T.C.;

<u>Second:</u>  The Defendant did so knowing or in reckless disregard of the fact that T.C. had not attained the age of 18 years and would be caused to engage in a commercial sex act; and

<u>Third:</u>  The Defendant's acts were in or affected interstate or foreign commerce.

In determining whether the Defendant's conduct was "in or affected interstate or foreign commerce," you may consider whether the Defendant used means or facilities of interstate commerce, such as telephones, the internet, or hotels that serviced interstate travelers, or whether his conduct substantially affected interstate commerce by virtue of the fact that he purchased items that had moved in interstate commerce.

13

## Aiding and Abetting (Agency)
## 18 U.S.C. § 2

It is possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

### On or About; Knowingly; Willfully

You will see that the Superseding Indictment charges that a crime was committed "on or about" a certain date. The Government does not have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

**Caution: Punishment**
**(Single Defendant, Multiple Counts)**

Each count of the Superseding Indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the Superseding Indictment. You are here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

### Duty to Deliberate

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Verdict**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you have all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I will respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.